**UNITED STATES DISTRICT COURT FOR THE**
**SOUTHERN DISTRICT OF WEST VIRGINIA**
**BECKLEY**

**UNITED STATES OF AMERICA**

v.                                           CRIMINAL NO.   5:23-cr-00125

**GARY SAWYERS**

### PROPOSED VOIR DIRE QUESTIONS OF THE UNITED STATES

Comes now the United States of America, by Andrew D. Isabell, Assistant United States Attorney for the Southern District of West Virginia, and requests the Court to ask the following voir dire questions of the jury panel.

A.   General Voir Dire

1.   It has been estimated by the attorneys that it may take four working days to complete the trial of this case.  Do any of you have any reason to believe that you would not be able to serve as a juror for that period of time?  This would include any personal or business obligations that might cause an interruption in the trial of this case.

   a.   Would serving as a juror on this case have any adverse effect with regard to your family life or your job?

1

      b. Do you have any physical or medical problems that might make it difficult to follow the evidence or sit on the jury?

2. Are any of you acquainted with or have any kind of relationship, professionally or personally, including through social networking websites such as Twitter and/or Facebook, with any of the following individuals who may be called as witnesses in this case?

A separate witness list has been filed. The United States reserves the right to amend or alter the witness list prior to or during trial.

3. Are any of you acquainted with, professionally or personally, including through social networking websites such as Twitter and/or Facebook, or have you or any of your family members ever been represented by any of the following?

      a. Andrew D. Isabell, Assistant United States Attorney;

      b. Brian D. Parsons, Assistant United States Attorney, or any member of the United States Attorney's Office; or

      c. David R. Bungard, Esquire, or any member of the Federal Public Defender's Office.

4. Are you or any member of your family related to or acquainted with the defendant, GARY SAWYERS, professionally or

personally, including through social networking websites such as Twitter and/or Facebook?

    5.   Are any of you acquainted with or have any relationship, professionally or personally, including through social networking websites such as Twitter and/or Facebook, or otherwise, with any other member of the jury panel?  If yes, would this in any way affect your ability to decide this case solely on the law and the evidence presented?  (If yes, consideration should be given to making further inquiry outside the presence of the prospective jurors.)

    6.   Have you read about this case, or any other articles about the defendant in the newspapers, either online or in print?  (If yes, consideration should be given to making further inquiry outside the presence of the prospective jurors.)

    7.   Have you heard or seen anything about this case, or about the defendants generally on the radio or television?  (If yes, consideration should be given to making further inquiry outside the presence of the prospective jurors.)

    8.   Have you heard anything at all from any source about the facts of this case, including on or through social networking websites such as Twitter and/or Facebook?  (If yes, consideration should be given to making further inquiry outside the presence of the prospective jurors.)

9. Do you, of your personal knowledge, excluding what you have read in the newspapers either online or in print or heard through the media, have any information about the facts of this case?

10. Notwithstanding what you have heard on the television or radio or what you have read in the newspapers, or what you have read and/or discussed on or through social networking websites such as Twitter and/or Facebook, would you be able to sit as a juror in the case and render a verdict based solely upon the law and the evidence?

11. Have you, any member of your family, or any close personal friends ever been questioned or arrested by a law enforcement officer?  (You may approach the bench to answer this question. If yes, consideration should be given to making further inquiry outside the presence of the prospective jurors.)

12. Have you, any member of your family, or any close personal friend, ever been charged with or convicted of committing either a felony or a misdemeanor?  (You may approach the bench to answer this question.  If yes, consideration should be given to making further inquiry outside the presence of the prospective jurors.)

13. Have you, any member of your family, or any of your close friends ever been incarcerated?  (You may approach the bench to

answer this question. If yes, consideration should be given to making further inquiry outside the presence of the prospective jurors.)

14. Will you be able to decide this case solely on the law and the evidence presented?

15. Are there any reasons at all why you should not wish to sit on this case? [An opportunity should be provided each juror to discuss their answer to this question out of the presence of other prospective jurors.]

16. Are you or have you ever been involved in any conflict, controversy or litigation with the United States Attorney's Office? (If yes, would this affect your ability to sit as an impartial juror in this case?)

17. Are you or have you ever been involved in any conflict, controversy or litigation with any department or agency of the United States, including the Federal Bureau of Investigation (FBI) and the Veteran's Administration (VA)? (If yes, would this affect your ability to sit as an impartial juror in this case?)

18. Have you ever served as a petit juror in a criminal or civil case either in federal or state courts? (If so, what was the case about and what was the outcome?)

19. Have you ever served as a grand juror on either a federal or state panel?

20. Have you or your family ever participated in a lawsuit as a party or witness or in some other capacity? (If so, what was the case about and what was the outcome?)

21. Have you or any member of your family ever participated in a criminal trial either as a witness for the prosecution or as a witness for the defense? [If so, what was the offense charged and the verdict?]

22. Are any of you related by blood or marriage to any law enforcement officers, either local, state or federal?

23. Have you or any of your immediate family members ever been the victim of a crime?

24. Have any of the panel members expressed or do any panel members have any strong sentiment about the justness of any recent prosecution brought by the United States Attorney's Office in this District, or do any of you have very strong personal feelings against the federal government for whatever reason?

25. Some of the witnesses who may be called to testify include local, state, and/or federal law enforcement officers. Do any of you have any strong feelings for or against law enforcement officers for whatever reason?

26. Have any of you or your close family members received disability compensation or VA benefits of any kind? If so, what has been your or their experience? Would that experience make it

6

difficult for you to fairly and impartially render a verdict in this case?

27. Some of the witnesses who may be called to testify include VA doctors and/or employees. Do you have any experiences – good or bad – with VA doctors or employees?

28. Do you believe a veteran's testimony should be given more deference than any other person's testimony?

29. Even if you disagree with the law, would you be able to return a verdict of guilty if the United States meets its burden beyond a reasonable doubt?

30. Does any member of the jury panel believe that they would have trouble following the Court's instructions regarding the law if they disagreed with it?

31. Have any of you or your close family members been contacted in any way, via telephone, in writing, or on or through social networking websites such as Twitter and/or Facebook, by any of the parties in this case including the defendant, GARY SAWYERS, or any of his family members, or the United States Attorney's Office?

32. If you were one of the parties in this case, do you know of any reason why you should not be content to have someone in your frame of mind sitting on the jury in this case?

The United States requests that the Court ask appropriate follow up questions if any juror answers in the affirmative.

                Respectfully submitted,

                WILLIAM S. THOMPSON
                United States Attorney

By:
                s/ Andrew D. Isabell
                ANDREW D. ISABELL
                Assistant United States Attorney
                WV State Bar No. 13210
                110 North Heber Street, Room 261
                Beckley, WV 25801
                Telephone: 304-253-6722
                Fax: 304-253-9206
                Email: andy.isabell@usdoj.gov

**CERTIFICATE OF SERVICE**

It is hereby certified that service of the foregoing "PROPOSED VOIR DIRE QUESTIONS OF THE UNITED STATES" has been electronically filed and service has been made on opposing counsel by virtue of such electronic filing, on this 10th day of February, 2025, to:

> David R. Bungard, AFPD
> Federal Public Defender's Office
> 300 Virginia Street, East, Room 3400
> Charleston, WV  25301
> Telephone:  304-347-3350
> Email: david_bungard@fd.org

> s/ Andrew D. Isabell
> ANDREW D. ISABELL
> Assistant United States Attorney
> WV State Bar No. 13210
> 110 North Heber Street, Room 261
> Beckley, WV 25801
> Telephone: 304-253-6722
> Fax: 304-253-9206
> Email: andy.isabell@usdoj.gov