## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### AT BECKLEY

UNITED STATES OF AMERICA

v.                                              CRIMINAL ACTION NO. 5:23-cr-00125

GARY SAWYERS

### <u>ORDER</u>

Pending is the Defendant Gary Sawyers' Motion for Leave to Present Evidentiary Deposition [ECF 108], filed February 14, 2025. The Government filed no response. The matter is ready for adjudication.

*Federal Rule of Criminal Procedure* 15(a) provides that "[a] party may move that a prospective witness be deposed in order to preserve testimony for trial," and "[t]he court may grant the motion because of exceptional circumstances and in the interest of justice." Fed. R. Crim. P. 15(a)(1).

> As our colleagues on the Eleventh Circuit have explained, "the carefully-crafted provisions of Rule 15 ... were designed to protect defendants' rights to [a] physical face-to-face confrontation." *See United States v. Yates*, 438 F.3d 1307, 1315 (11th Cir. 2006). And the Supreme Court has recognized that Rule 15 comports with the purposes of the Confrontation Clause. *See Maryland v. Craig*, 497 U.S. 836, 845–46 (1990). In that decision, the Court explained that the rights of an accused under the Confrontation Clause include not only a "Personal Examination," but also that the witness make "his statements under oath" and "submit to cross-examination." *Id.* (citations and internal quotation marks omitted). And the *Craig* decision emphasized that the Confrontation Clause "permits the jury that is to decide the defendant's fate to observe the demeanor of the witness." *Id.* at 846 (internal quotation marks omitted). Finally, the Court therein recognized that it had "never held ... that the Confrontation Clause guarantees criminal defendants the *absolute* right to a face-to-face meeting with witnesses against them at trial." *Id.* at 844.

*United States v. Smith*, 117 F.4th 584, 601 (4th Cir. 2024), *cert. denied sub nom. Alcorn v. United*

*States*, No. 24-6466, 2025 WL 746366 (U.S. Mar. 10, 2025) (cleaned up).

Here, it is Mr. Sawyers who seeks to present the February 13, 2024, evidentiary deposition of his wife, Christina Sawyers, who has a medical condition which prohibits her from appearing in person to testify at trial. [ECF 108 at 1]. If granted, Mr. Sawyers plans to present the recorded video of Mrs. Sawyers' testimony during his case-in-chief. Because Mr. Sawyer is the proponent of the use of the evidentiary deposition, the Confrontation Clause is not implicated. Further, the Government was present at the deposition and was able to cross-examine Mrs. Sawyers. Accordingly, the Court **FINDS** that exceptional circumstances exist and that the interests of justice warrant the introduction of Mrs. Sawyers' evidentiary deposition at trial in lieu of live testimony.

For these reasons, the Court **GRANTS** Mr. Sawyers' Motion for Leave to Present Evidentiary Deposition [**ECF 108**].

The Court **DIRECTS** the Clerk to send a copy of this Order to the Defendant and counsel, to the United States Attorney, to the United States Probation Office, and to the Office of the United States Marshal.

ENTER:        April 21, 2025

Frank W. Volk
Chief United States District Judge

2